142 So. 54

## BRANTLEY & CRAWLEY v. FORT DEPOSIT BANK.

### 4 Div. 619.

Supreme Court of Alabama.

May 19, 1932.

BOULDIN, J.

Brantley & Crawley recovered a money judgment in the circuit court against W. O. Farrior and caused execution to be levied upon the following as the property of defendant in execution: "One grading outfit consisting of twenty-two mules, ten wheelers, one road machine, two road plows, one rooter, one lot

harness, three tents, three cots and bedding, and two small cooking stoves."

Fort Deposit Bank interposed its claim as mortgagee of the property pursuant to Code, § 10379.

On the hearing, verdict and judgment went for claimant, and the amount of the mortgage debt was ascertained as required by above statute.

■ Appellant assigns for error the failure of the court to have ascertained the value of the several items of property as of the date the claim was interposed, pursuant to Code, § 10377.

We are of opinion this latter statute has no application where the issues are found for claimant either under the general statute or under section 10379.

Section 10377 calls for assessment of values where the property is found liable to the execution; that is, in favor of the plaintiff on the issue presented in the claim suit. The purpose is to fix the values as of the date the claimant interposed an unfounded claim and obtained the possession of the property, so that, on failure to return the property as per the terms of his bond, the values, as so determined, may be collected in a summary manner on his bond.

■ Where a levy is made, not on the equity of redemption in personal property, but upon the estate of the mortgagee also, his claim is rightfully interposed, his possession is rightfully held until the plaintiff, at his election, pays the mortgage debt.

■ The values at the time he interposed his claim may not be the same as when the plaintiff pays the mortgage debt. The claim suit was pending in this instance for two years.

Moreover, where there is a levy on perishable property, or on live stock, as in the present case, where the expense of keeping may be very great, it could not be contemplated that he should waste his own security by holding it while the claim suit was pending and without compensation for such keeping. Such would be the effect if, on payment of the mortgage debt at the end of the litigation, the mortgagee must account for the values as of the date his claim was interposed. This would in effect enable one whose claim is subordinate to that of the mortgagee to deprive him of the value of his security. We think section 10379 intended to enable the plaintiff, on payment of the mortgage debt, to obtain whatever equity there is in the property, or its proceeds, at the time he pays off the superior claim.

■ Pending the claim suit, the mortgagee is responsible for the same good faith in handling the property he would owe the mortgagor.

It appears from this record that by inadvertence a personal judgment was entered in favor of the claimant against the plaintiff for the amount of the mortgage debt. It is ordered that the judgment entry be corrected by striking out such personal judgment.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.